1

2      **UNITED STATES DISTRICT COURT**
       **DISTRICT OF NEVADA**

3

4

5   GERARD GUDINO,                    )
                                      )        3:07-CV-0484-HDM (VPC)
6              Plaintiff,             )
                                      )
7       vs.                           )        **REPORT AND RECOMMENDATION**
                                      )        **OF U.S. MAGISTRATE JUDGE**
8   UNKNOWN,                          )
                                      )
9              Defendant(s).          )        February 15, 2008
    _____     )

10

11          This Report and Recommendation is made to the Honorable Howard D. McKibben, United

12   States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

13   U.S.C. § 636(b)(1)(B).  For the reason set forth below, it is recommended that plaintiff's complaint

14   be dismissed without prejudice.

15                              **I.  BACKGROUND**

16          On October 15, 2007, plaintiff filed certain papers with the court alleging that "somebody

17   somewhere is connecting peoples minds to a computer . . . and send whatever signal they want to

18   your mind . . ." (#1).  On December 10, 2007, the court ordered plaintiff to file a proper application

19   to proceed *in forma pauperis* and a complaint which states a claim upon which relief can be granted

20   (#2).

21          Plaintiff has filed an application to proceed *in forma pauperis* together with a civil rights

22   complaint (#3).  In his application and financial affidavit, plaintiff states that he is not employed and

23   receives $221.00 per month as "general relief from county." *Id.*  Plaintiff indicated in his application

24   that his monthly expenses are $200.00 and his only asset is a 1989 Ford Taurus valued at $1,700.00.

25   *Id.*  Based upon the foregoing, the court recommends that the motion for *in forma pauperis* be

26   granted.  However, the court finds that plaintiff's complaint fails to state a claim upon which relief

27   may be granted, and is in fact frivolous.  Therefore, the court recommends that plaintiff's complaint

28   be dismissed without prejudice.

## II.  DISCUSSION & CONCLUSION

Pursuant to 28 U.S.C. §1915(e)(2), a federal court must dismiss a case in which *in forma pauperis* status is granted, "if the allegation of poverty is untrue," or the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under §1915 when reviewing the adequacy of a complaint or amended complaint.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *North Star Inter'l v. Arizona Corp. Comm.*, 720 F.2d 578 (9th Cir. 1983).  In considering whether a plaintiff has stated a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972)(*per curiam*).  However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the complaint or portions of it. *Halet v. Wand Investment Co.*, 672 F.2d 1305 (9th Cir. 1982).  All or part of a complaint filed *in forma pauperis* may therefore be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as claims based on fanciful factual allegations, (*e.g.*, fantastic or delusional scenarios).

The caption of plaintiff's complaint lists the defendant as "unknown."  The body of plaintiff's complaint contains an article written in Spanish and plaintiff states that "somebody somewhere is able to connect a computer to the mind and transfer your eyesight to a monitor and your hearing through the same signal, and send whatever signal they want to your mind, sound, images, feelings like pain, etc. . . . ."  (#3-2).  The court concludes that plaintiff's claims are based on  conclusions that are untenable, fantastical, or delusional scenarios.  Therefore, it is recommended that plaintiff's

1    complaint be dismissed without prejudice.

2          The parties are advised:

3          1.    Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the

4    parties may file specific written objections to this report and recommendation within ten days of

5    receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

6     Recommendation" and should be accompanied by points and authorities for consideration by the

7    District Court.

8          2.    This report and recommendation is not an appealable order and any notice of appeal

9    pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

10                                    **III.  RECOMMENDATION**

11          **IT IS THEREFORE RECOMMENDED** that the district court enter an order as

12   follows:

13         1.    **GRANTING** plaintiff's motion to proceed *in forma pauperis* (#3);

14         2.    **ORDERING** the Clerk to file and docket plaintiff's complaint (#3-2); and

15         3.    **DISMISSING** plaintiff's complaint **WITHOUT PREJUDICE**.

16         DATED:  February 15, 2008.

17                                                   Valerie P. Cooke

18                                    _____

19                                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28